UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 15-00943 AG (GJSx) | Date | August 26, 2015 |
|---|---|---|---|
| Title | JOOHA SHIN v. TIME SQUARED GLOBAL, LLC., et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |

**Proceedings:**      **[IN CHAMBERS] ORDER GRANTING MOTION TO DISMISS**

Plaintiff Jooha Shin ("Plaintiff") filed this lawsuit against Defendants Time Squared Global, LLC; Time Squared Group, Inc.; Seong Hyoung Park; Meeseon Lee, SMGLOBAL, Inc. (collectively, "Defendants") seeking to allege state law claims.

Defendants filed a "Motion to Dismiss Complaint" ("Motion"). (Dkt. No. 10.) The Court GRANTS the Motion. The Court DISMISSES the Complaint with leave to amend.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint (Dkt. No. 1, Ex. A). For the purposes of the Motion, the Court assumes these facts as true. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). Additional facts will be provided in the Analysis Section as necessary.

Defendant Time Squared Global, LLC "orchestrated" "a sophisticated multi-level marketing scam involving the purported mining of 'Bitcoin.'" (Dkt. No. 1, Ex. A, ¶ 4.) Generally, Defendant Time Squared Global, LLC designs and produces ASIC chips for mining of crypto-currencies and "Defendants offered to lease to investors single unit chips for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00943 AG (GJSx) | Date | August 26, 2015 |
|---|---|---|---|
| Title | JOOHA SHIN v. TIME SQUARED GLOBAL, LLC., et al. | | |

period of six months, during which investors were promised daily revenues from mining of 'Bitcoin' by each chip daily over the six month period of time." (*Id.*) "Defendants also aggressively promised investors commissions and revenue for bringing in other investors." (*Id.*)

"[A]t all times material hereto," Defendants Park and Lee "represented themselves to be the owners and officers of" Defendant Time Squared Global, LLC." (*Id.*, ¶ 11.) According to Plaintiff, when it uses the word "Defendants," Plaintiff means Park, Lee, and Time Squared Group, LLC. (*Id.*, ¶ 11.) The remaining defendants "are . . . corporate entitles that are owned and operated by" Defendants Park and Lee. (*Id.*, ¶ 12.) "At all relevant times, each Defendant was the agent, servant, and/or employee of each of the remaining Defendants, and was acting within the scope of said agency and employment." (*Id.*, ¶ 2.)

"Sometime in 2014," Defendants, as defined by Plaintiff, represented to Plaintiff that they were involved in the mining of crypto-currencies, Bitcoin being one of those currencies. Those Defendants "represented that Plaintiff could invest in the leasing of single unit chips for the period of six months, during which time each chip would mine 'Bitcoin' on a daily basis." (*Id.*, ¶ 13.) Those Defendants made several promises including that each chip would generate $20 in daily revenue for the six month leasing period. (*Id.*, ¶¶ 14-16.) Plaintiff invested $75,000 in Defendant Time Squared Global, LLC to lease 30 chips. (*Id.*, ¶ 17.) Defendants failed to pay any of the revenues and take other "promised" actions.

**LEGAL STANDARD**

A court must grant a motion to dismiss when, "accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party," a complaint fails to state a claim upon which relief can be granted. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012); *see* Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00943 AG (GJSx) | Date | August 26, 2015 |
|---|---|---|---|
| Title | JOOHA SHIN v. TIME SQUARED GLOBAL, LLC., et al. | | |

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). Facial plausibility means that the pleaded "factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[A]nalyzing the sufficiency of a complaint's allegations is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Sheppard v. David Evans and Associates*, 694 F.3d 1045, 1051 (9th Cir. 2012). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Washington*, 83 F.3d 1136, 1140 (9th Cir. 1996).

Claims that "sound" in fraud must meet heightened pleading requirements. Fed. R. Civ. P. 9(b); *TransFresh Corp. v. Ganzerla & Assoc., Inc.*, 862 F. Supp. 2d 1009, 1017-18 (N.D. Cal. 2012). A plaintiff must plead "with particularity" the time and place of the fraud, the statements made and by whom made, and an explanation of why or how such statements were false or misleading when made, and the role of each defendant in the alleged fraud. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-49 n.7 (9th Cir. 1994) (en banc). In other words, a plaintiff must allege "the who, what, when, where, and how" of the misconduct. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)(internal quotation marks omitted). But a defendant's intent or knowledge may be alleged "generally." Fed. R. Civ. P. 9(b); *Neilson v. Union Bank of Calif., N.A.*, 290 F. Supp. 2d 1101, 1120 (C.D. Cal. 2003)("Generally, courts have found pleadings sufficient if they allege generally that defendants had actual knowledge of a specific primary violation.).

In dismissing a complaint, a court must also determine whether the plaintiff will have leave to amend. "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010); *Kelson v. City of Springfield*, 767 F.2d 651, 656 (9th Cir. 1985)("Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00943 AG (GJSx) | Date | August 26, 2015 |
|---|---|---|---|
| Title | JOOHA SHIN v. TIME SQUARED GLOBAL, LLC., et al. | | |

**ANALYSIS**

Plaintiff seeks to allege claims for "actual fraud and deceit," breach of contract, "injunction," and "unjust enrichment/restitution." (Dkt. No.1, Ex. A, at 1.) The Court will address each in turn after addressing a pervasive defect in Plaintiff's Complaint.

**1. Shotgun Pleadings**

As noted, when Plaintiff uses the word "Defendants" in the Complaint, he means Park, Lee, and Time Squared Group, LLC. (Complaint, Dkt. No. 1, Ex. A, ¶ 11.) Shotgun pleadings overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations. They are unacceptable. One common theme of Rule 8(a), Rule 9(b), and *Iqbal* and *Twombley* on pleading is that plaintiffs must give the defendants a clear statement about what the defendants allegedly did wrong. The Court has recognized that allowing shotgun pleadings would lead to many negative consequences. *See Mason v. County of Orange*, 251 F.R.D. 562, 563-64 (C.D. Cal. 2008) (quoting *Anderson v. District Board of Trustees*, 77 F.3d 364, 366-67 (11th Cir. 1996)) ("[E]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001) ("Cases framed by shotgun pleadings consume an inordinate amount of a court's time. As a result, justice is delayed, if not denied, for litigants who are standing in the queue waiting to be heard. Their impression of the court's ability to take care of its business can hardly be favorable. As the public becomes aware of the harm suffered by the victims of shotgun pleading, it, too, cannot help but lose respect for the system.").

One common type of shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus term "Defendants" throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong. Defects like this are present in the Complaint. This shotgun pleading style deprives Defendants of knowing exactly what they are accused of doing wrong. This defect alone could warrant dismissal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00943 AG (GJSx) | Date | August 26, 2015 |
|---|---|---|---|
| Title | JOOHA SHIN v. TIME SQUARED GLOBAL, LLC., et al. | | |

As Defendants argued during the hearing on the Motion, it is unclear which Defendants entered into the contract that allegedly exists. Defendants also discussed other areas that lack specificity. During the hearing, Plaintiff was put on notice about pleading issues in his Complaint and the Court noted that insufficient amendment may lead the Court to granting any future motions to dismiss without leave to amend.

## 2. "Actual fraud and deceit"

It appears that Plaintiff seeks to allege a fraud claim under section 1572 and a deceit claim under section 1710 of the California Civil Code. The allegations are far from sufficient. For claims sounding in fraud, there is a heightened pleading standard.

The Complaint says that "sometime in 2014" Defendants, defined by Plaintiff as Time Squared Global, LLC; Park; and Lee, represented that they were involved in mining crypto-currencies. The Complaint alleges that representations were made concerning mining and revenue generation, among other things. Plaintiff has not sufficiently plead the who, what, where, when, and how of any alleged misconduct. Among many other things, it is not clear when these statements were made, who made them, and how Plaintiff received them.

Further, it appears that Plaintiff's allegations concerning Defendant Time Squared Global, Inc. and SMGLOBAL, Inc. are that these entities are owned and operated by Park and Lee and were otherwise agents of Park; Time Squared Global, Inc., and Lee. There are insufficient allegations to support a claim based in fraud against these Defendants.

The Court GRANTS the Motion as to "actual fraud and deceit" and DISMISSES this claim. Because it appears that Plaintiff might be able to add allegations consistent with the Complaint sufficient to state a claim, the Court gives Plaintiff leave to amend. When considering whether and how to fix the deficiencies of this claim, the Court encourages

Plaintiff to review the arguments in Defendants' Motion on this claim. Defendants point to many of the deficiencies Plaintiff has in pleading a fraud based claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 15-00943 AG (GJSx) | Date | August 26, 2015 |
|---|---|---|---|
| Title | JOOHA SHIN v. TIME SQUARED GLOBAL, LLC., et al. | | |

### 3. Breach of contract

Plaintiff seeks to allege a claim for breach of contract. The allegations are insufficient.

According to the Complaint, "Plaintiff alleges that the contract entered into between Plaintiff and Defendants in April of 2014 was a valid, binding, express agreement between the parties whereby Defendants and Plaintiff entered into an agreement whereby Defendants received numerous amounts of money form Plaintiff for the leasing of chips to mine 'Bitcoins.'" (Dkt. No. 1, Ex. A, ¶ 34.)

Plaintiff has not provided sufficient allegations, including whether the contract is oral or written. Moreover the allegations of the terms are not sufficiently defined. It is unclear whether the "promises" in the Complaint are representations that are the basis of the fraud based claim or are the terms of the contract or both.

The Court GRANTS the Motion and DISMISSES this claim. Because it appears that Plaintiff might be able to add allegations consistent with the Complaint sufficient to state a claim, the Court gives Plaintiff leave to amend.

### 4. "Injunction"

Plaintiff "is not Opposing Defendants request to dismiss the injunction third cause of action." (Opp'n, Dkt. NO. 15, at 5.)

The Court GRANTS the Motion and DISMISSES what Plaintiff describes generally as his injunction cause of action. The Court does not give leave to amend.

### 5. "Unjust enrichment/restitution"

Unjust enrichment must be based on other claims, as "is not a stand-alone claim in California." *Am. Express, FSB v. Wright*, 2012 U.S. Dist. LEXIS 85622 *10 (N.D. Cal. June 20, 2012) (citing *McKell v. Wash. Mut., Inc.*, 142 Cal App. 4th 1457, 1490 (2006)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00943 AG (GJSx) | Date | August 26, 2015 |
|---|---|---|---|
| Title | JOOHA SHIN v. TIME SQUARED GLOBAL, LLC., et al. | | |

The Court GRANTS the Motion as to unjust enrichment and DISMISSES it without leave to amend.

**DISPOSITION**

The Court GRANTS the Motion. The Court DISMISSES the Complaint with leave to amend. Any amended pleading must be filed within 20 days of this Order.

The Court reaches this result after reviewing all the arguments made and admissible evidence presented by the parties. Any argument not specifically addressed was either unpersuasive or not necessary to reach the Court's holding.

|  | : | 0 |
|---|---|---|

Initials of
Preparer                    lmb