UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 15-0943 AG (GJSx), consolidated with SACV 15-0945 AG (GJSx) and SACV 15-1345 AG (JCGx) | Date | February 8, 2016 |
|---|---|---|---|
| Title | JOOHA SHIN ET AL. v. TIME SQUARED GLOBAL, LLC ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**     **[IN CHAMBERS] ORDER DENYING MOTIONS**

Plaintiffs accuse Defendants of running a fraudulent scheme related to the mining of bitcoins and other cryptocurrencies. There used to be three cases: (1) *Shin et al. v. Time Squared Global, LLC et al.*, SACV 15-0943 AG (GJSx); (2) *Cao et al. v. Time Squared Global, LLC et al.*, SACV 15-0945 AG (GJSx); and (3) *Castaneda et al. v. Time Squared Global, LLC et al.*, SACV 15-1345 AG (JCGx)—respectively, *"Shin," "Cao,"* and *"Castaneda."* They've been consolidated. But the parties didn't file a consolidated complaint, so each case has its own operative complaint. Defendants filed motions to dismiss the *Shin* and *Cao* complaints. (*See Shin* Dkt. Nos. 39, 41.)

The Court DENIES the Motions to Dismiss.

## 1. TREATMENT OF THE MOTIONS

The two Motions to Dismiss are virtually identical. This isn't surprising, because the two complaints they attack are virtually identical, alleging the same six claims and the same basic facts. The parties have not pointed out any distinctions that suggest that the Court should treat the Motions to Dismiss differently. The Court analyzes the *Shin* Motion to Dismiss, but the Court's reasoning (and ultimate holding) applies to the *Cao* Motion to Dismiss equally.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 15-0943 AG (GJSx), consolidated with SACV 15-0945 AG (GJSx) and SACV 15-1345 AG (JCGx) | Date | February 8, 2016 |
|---|---|---|---|
| Title | JOOHA SHIN ET AL. v. TIME SQUARED GLOBAL, LLC ET AL. | | |

## 2. LEGAL STANDARD

A court will grant a motion to dismiss if the complaint does not allege claims upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A claim to relief must be plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In analyzing the complaint's sufficiency, a court must "accept[] all factual allegations in the complaint as true and constru[e] them in the light most favorable to the nonmoving party." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

Fraud claims require more. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994). Stated differently, a plaintiff must plead the "who, what, when, where, and how" of the alleged misconduct. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

In analyzing the complaint's sufficiency, a court must "accept[] all factual allegations in the complaint as true and constru[e] them in the light most favorable to the nonmoving party." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

## 3. BACKGROUND

The Court accordingly accepts the factual allegations in the *Shin* First Amended Complaint as true here. (*See* Dkt. No. 26.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 15-0943 AG (GJSx), consolidated with SACV 15-0945 AG (GJSx) and SACV 15-1345 AG (JCGx) | Date | February 8, 2016 |
|---|---|---|---|
| Title | JOOHA SHIN ET AL. v. TIME SQUARED GLOBAL, LLC ET AL. | | |

Defendants ran a bitcoin mining scheme. (*Id.* at 7:11–17.) Specifically, Defendants said they designed and produced ASIC chips for use as cryptocurrency miners. (*Id.*) Defendants then promised investors who leased one of these chips that they would get daily revenue from the mining. (*Id.*) Defendants also promised these investors that they'd get commissions for bringing other investors into the scheme. (*Id.*)

The scheme was a scam. (*Id.* at 9:5–11:2.) Defendants didn't design or produce ASIC chips. (*Id.*) Defendants didn't have ASIC chips to lease. (*Id.*) Investors like the *Shin* Plaintiffs didn't receive the promised payments. (*Id.*) The commissions didn't materialize. (*Id.*)

The *Shin* Plaintiffs sued Defendants. They've asserted six claims: fraud—intentional misrepresentation; (2) fraud—false promise; (3) negligent misrepresentation; 4) breach of oral contract; (5) breach of implied in fact contract; and (6) promissory estoppel. (*See* Dkt. No. 26.)

## 4. ANALYSIS

To borrow a phrase, there are two things wrong with Defendants' moving papers. One is their style. The other is their substance. *See* Fred Rodell, *Goodbye to Law Reviews*, 23 Va. L. Rev. 38, 38 (1936). Although these two issues overlap, the Court addresses each in turn. The Court notes that this isn't the first time it has expressed concern about Defendants' counsel's advocacy. (*See, e.g.*, Dkt. No. 37 at 2 (discussing Defendants' "convoluted" requests for judicial notice); *id.* at 7 ("Defendants' Opposition takes many positions unsupported by facts and offers little convincing argument."); *id.* ("The Court has serious concerns about the candidness of Defendants' representations and does not readily see in the record support for assertions like the ones mentioned.").)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 15-0943 AG (GJSx), consolidated with SACV 15-0945 AG (GJSx) and SACV 15-1345 AG (JCGx) | Date | February 8, 2016 |
|---|---|---|---|
| Title | JOOHA SHIN ET AL. v. TIME SQUARED GLOBAL, LLC ET AL. | | |

**4.1 Style**

Defendants' moving papers are full of sloppy typos, grammatical mistakes, incomplete sentences, and poorly structured paragraphs. Here are just five examples. All errors are Defendants' and the Court does not note "sic's."

- "There are no pleadings at all relevant to TIME SQUARED GROUP INC., a Washington corporation; and SMGLOBAL, INC., a Washington corporation. Why are they not dismissed." (Dkt. No. 39-1 at 2:23–24.)

- "[I]nvestors were romised daily revenues from the mining of Bitcoin by eac chip daily . . . ." (*Id.* at 3:4–6.)

- "What representations as opposed to mere opinions, were false when made." (*Id.* at 5:13–14.)

- "Whether later in hind site they were not carried out, does not constitute a fraud." (*Id.* at 6:19–20.)

- "The allegations would put Plaintiff in a better position than performance of the opinion would have put them in." (*Id.* at 9:27–28.)

These issues are particularly severe in the analysis portions of Defendants' papers. (*But see also id.* at 1 (caption misspelling *Shin* Plaintiff's name as "Jooh Shin"); *id.* at 2:9–10 (citing *Ashcroft v. "Iqbal"*); Dkt. No. 57 at 2:7 (again citing *Ashcroft v. "Iqbal"*).)

Typically, the Court would easily forgive isolated instances of such issues. The Court cares about excellent justice, not petty pedantry. But Defendants' papers are bad enough to merit mention. Perhaps above all else, lawyers are professional communicators. They're supposed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0943 AG (GJSx), consolidated with SACV 15-0945 AG (GJSx) and SACV 15-1345 AG (JCGx) | Date | February 8, 2016 |
|---|---|---|---|
| Title | JOOHA SHIN ET AL. v. TIME SQUARED GLOBAL, LLC ET AL. | | |

to create clarity from chaos. Counsel isn't answering this call. Instead, his errors are getting in the way of his advocacy. These issues are particularly troubling given that Defendants were in the driver's seat here: they chose to file their Motions to Dismiss.

### 4.2 Substance

The substance of Defendants' papers isn't any better. Many of the issues described in Section 4.1 affect the Court's ability to comprehend Defendants' arguments. There are also substantive issues, such as Defendants' citation to California state case law, California statutes, and the California Rules of Court for pleading standards. (*See, e.g.*, Dkt. No. 39-1 at 17–28; Dkt. No. 57 at 2:10–12.) "The Federal Rules of Civil Procedure govern the sufficiency of a pleading in federal actions, even those based on diversity jurisdiction." Schwarzer et al., *California Practice Guide: Federal Civil Procedure Before Trial*, ¶ 8:70 (2015). Again, these issues are particularly troubling given that Defendants were in the driver's seat here in yet another way: they chose to bring this case to federal court.

But having fought through these issues, the Court finds inadequate substance to Defendants' arguments. Defendants themselves spend significant ink identifying many of the allegations that satisfy Rule 8's pleading standard. (*See, e.g.*, Dkt. No. 39-1 at 2:25–4:7.) Defendants also ignore many of the allegations in the First Amended Complaint that add further detail. Further, many of Defendants' arguments improperly get to the merits of the case, not the adequacy of the pleadings. (*See, e.g.*, *id.* at 8:22–23 ("The allegations do not show that the conduct of some unidentified party was intentional.").) That isn't what a motion to dismiss for failure to state a claim is about. At oral argument, Defendants indicated that Plaintiffs' alter ego allegations were exceptionally sparse. This just isn't true. (*See, e.g.*, Dkt. No. 26 at 4:5–6 ("LEE and PARK, at all times herein mentioned were members and had control of TSGLLC."), 4:26 ("TSGINC failed to maintain corporate books . . . ."), 5:3–5 ("LEE, PARK, and TSGINC, and each of them, have commingled funds used for defendants LEE's and PARK's personal expenses . . . ."), 6:18–19 (SMG is grossly undercapitalized . . . .").)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 15-0943 AG (GJSx), consolidated with SACV 15-0945 AG (GJSx) and SACV 15-1345 AG (JCGx) | Date | February 8, 2016 |
|---|---|---|---|
| Title | JOOHA SHIN ET AL. v. TIME SQUARED GLOBAL, LLC ET AL. | | |

Plaintiffs have alleged each element of each claim adequately enough to get through the courthouse doors, even considering the heightened pleading requirements for fraud cases. Defendants certainly haven't persuasively argued otherwise.

## 5. DISPOSITION

The Court DENIES the Motions to Dismiss.

: 0

Initials of Preparer  lmb